IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LYNN KNIGHT, #191260, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:12-CV-629-TMH |
| | ) [WO] |
| | ) |
| EUGENE REESE, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On July 23, 2012, Lynn Knight ["Knight"], a state inmate, filed the instant case in which he seeks relief from adverse actions taken by various state court officials, including clerks and judges, regarding the denial of his application for leave to proceed *in forma pauperis* on appeal from a decision issued by the Circuit Court of Montgomery County, Alabama in a civil action he filed with respect to medical treatment. Knight did not submit the $350 filing fee and, instead, filed documents seeking leave to proceed *in forma pauperis* before this court. *Application to Proceed Without Prepayment of Fees - Doc. No. 2*. In support of this request, Knight provided financial information necessary to determine the average monthly balance in his prison account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to his inmate account during the past six months.

After thorough review of the financial information provided by Knight and pursuant

to the requisite provisions of 28 U.S.C. § 1915(b)(1)(A), the court determined Knight owed an initial partial filing fee of $10.33.  *Order of July 26, 2012 - Doc. No. 3* at 2.  The court therefore ordered Knight to pay the initial partial filing fee on or before August 10, 2012.  *Id*.  In addition, this order specifically informed Knight "**that it is his responsibility to submit the appropriate paperwork to the prison account clerk for transmission of his funds to this court for payment of the initial partial filing fee**."  *Id*. (emphasis in original).  The order also "advised [Knight] that if he is unable to procure the initial partial filing fee within the time allowed by this court he must inform the court of such inability and request an extension of time within which to file the fee."  *Id*. at 3.  Moreover, the court specifically cautioned Knight that failure to pay the requisite fee within the time allowed by the court would result in a Recommendation "that his case be dismissed and such dismissal will not be reconsidered unless exceptional circumstances exist."  *Id*.

      Knight has failed to pay the initial partial filing fee within the time allowed by this court.  In addition, Knight did not advise the court of the need for an extension to pay the fee as directed by the aforementioned.  The court therefore concludes the instant cause of action should be dismissed.[1]

      Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case

---

[1] It is likewise clear that the plaintiff is entitled to no relief from this court on his claims.  However, the plaintiff is advised if he seeks to challenge the constitutionality of medical treatment currently provided to him at the Bibb Correctional Facility he may do so by filing a separate 42 U.S.C. § 1983 action with the United States District Court for the Northern District of Alabama.

be dismissed without prejudice for failure of the plaintiff to pay the initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(A) as ordered by this court.  It is further

ORDERED that **on or before September 10, 2012**, the parties may file objections to the  Recommendation.  Any objection must specifically identify the findings in the Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 27th day of August, 2012.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE